UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

EMILY WARD,

  Plaintiff,

CASE NO.:

-VS-

NAVIENT SOLUTIONS, INC., f/k/a SALLIE MAE, INC.,

  Defendant.

_____/

## COMPLAINT

1. Plaintiff alleges violation of the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq.* ("TCPA"), the Florida Consumer Collection Practices Act, Fla. Stat. §559.55 *et seq.* ("FCCPA").

## INTRODUCTION

2. The TCPA was enacted to prevent companies like NAVIENT SOLUTIONS, INC. from invading American citizens' privacy and prevent abusive "robo-calls."

3. "The TCPA is designed to protect individual consumers from receiving intrusive and unwanted telephone calls." Mims v. Arrow Fin. Servs., LLC, –US--, 132 S.Ct. 740, 745, 181 L.Ed.2d 881 (2012).

4. "Senator Hollings, the TCPA's sponsor, described these calls as 'the *1256 scourge of modern civilization, they wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall." 137 Cong. Rec. 30, 821 (1991) Senator Hollings presumably intended to give

1

telephone subscribers another option: telling the autodialers to simply stop calling." *Osario v. State Farm Bank, F.S.B.*, 746 F. 3d 1242 (11th Cir. 2014).

## JURISDICTION AND VENUE

5. Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. §1331.

6. The alleged violations described in the Complaint occurred in Pinellas County, Florida.

## FACTUAL ALLEGATIONS

7. Plaintiff is a natural person, and citizen of the State of Florida, residing in Pinellas County, Florida

8. Plaintiff is a "consumer" as defined in Florida Statute 559.55(2).

9. Plaintiff is an "alleged debtor."

10. Plaintiff is the "called party." See <u>Soppet v. Enhanced Recovery Co., LLC</u>, 679 F.3d 637, 643 (7th Cir. 2012), reh'g denied (May 25, 2012); <u>Osorio v. State Farm Bank, FSB</u>, 746 F.3d 1242 (11th Cir. March 28, 2014); and <u>Breslow v Wells Fargo, N.A.</u>, 2014 WL 2565984 (11th Cir. June 9, 2014).

11. Defendant is a corporate entity responsible for attempting to collect a consumer debt from Plaintiff and is transacting business in the State of Florida.

12. The debt that is the subject matter of this complaint is a "consumer debt" as defined by Florida Statute §559.55(1).

13. Plaintiff is the regular user and carrier of the cellular telephone number at issue, (727) 557-5134, and was the called party and recipient of Defendant's above described calls.

14. Plaintiff does not now, nor has she ever, entered into a business relationship with Defendant.

2

15. Plaintiff has never provided her cellular telephone number to Defendant.

16. In or about June of 2014, Plaintiff received a telephone call to her aforementioned cellular telephone number from Defendant seeking to recover a debt from an individual named "Francisco Romero," who was and is unknown to her.

17. In or about June of 2014, Plaintiff answered a call from Defendant to her aforementioned cellular telephone number, and attempted to speak with a representative to demand that the calls to her cellular telephone stop, but was met only Defendant's pre-recorded message, and was unable to be connected to a live representative.

18. Plaintiff has answered calls from Defendant to her aforementioned cellular telephone number on approximately ten (10) occasions in an attempt to speak to Defendant, but has been met each time with a pre-recorded voice, and has been unable to connect to a live representative.

19. On or about August 18, 2014 at 07:34 am EST, Plaintiff filed a complaint with the Federal Trade Commission regarding Defendant's repeated calls to her aforementioned cellular telephone number, stating that phone number (585) 237-7878: "Continues to call my # but I'm not the person they're looking for."

20. Again, on or about August 21, 2014 at 03:01 pm EST, due to her inability to speak with a live representative of Defendant to demand a cease to the phone calls from the Defendant, Plaintiff filed an additional complaint with the Federal Trade Commission regarding Defendant's calls to her aforementioned cellular telephone number, stating of phone number (513) 605-7539: "Please stop this Sallie Mae debt collector from calling!"

21. Due to continued calls from Defendant to her aforementioned cellular telephone, on or about September 3, 2014 at 07:20 am EST, Plaintiff filed a complaint with the Federal

Trade Commission regarding phone number (513) 607-7539, stating: "Need Sallie Mae stop calling me I'm not the person they're looking for this is harassment."

22. Again, on or about September 10, 2014 at 07:19 am, after receiving myriad more calls from Defendant to her aforementioned cellular telephone number, Plaintiff filed a complaint with the Federal Trade Commission regarding phone number (317) 595-1242: stating "Calls repeatedly. Calling after 8pm at night I work early in morning."

23. From approximately June of 2014 through the filing of this Complaint, or at such time as will be determined after a thorough review of Defendant's records, Defendant has called Plaintiff's aforementioned cellular telephone on a daily basis, despite Plaintiff's repeated attempts to inform Defendant that they had the wrong number.

24. To date, Defendant has placed approximately seventy-five (75) calls to Plaintiff's aforementioned cellular telephone number, or as will be established after a thorough review of Defendant's records. (Please see attached **Exhibit "A"** representing a non-exclusive sampling of 53 calls from August 5, 2014 to December 24, 2014).

25. Plaintiff has received identical, pre-recorded telephone messages on her aforementioned cellular telephone number's voicemail on more than twenty-five (25) occasions.

26. Despite actual knowledge of their wrongdoing, the Defendant continued the campaign of abuse, calling the Plaintiff despite not having her express permission to call her aforementioned cellular telephone number.

27. Defendant continued to leave voice messages using a pre-recorded or artificial voice message when calling the Plaintiff, despite not having her express permission to do so.

28. Defendant intentionally harassed and abused Plaintiff on numerous occasions by calling several times during one day, and on back to back days, with such frequency as can reasonably be expected to harass.

4

29. Defendant attempted to collect a debt from the Plaintiff by this campaign of telephone calls.

30. By continuing to call the Plaintiff despite being informed she did not know "Francisco Romero" Plaintiff was led to believe the Defendant thought she was lying and the only way to stop the harassing calls was to pay the alleged debt.

31. On information and belief, the telephone calls were placed using automated telephone dialing equipment and/or prerecorded message, without human intervention

32. Each call Defendant made to the Plaintiff was made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers as specified by 47 U.S.C §227(a)(1).

33. Furthermore, each of the calls at issue were placed by the Defendant using a "prerecorded voice," as specified by the TCPA, 47 U.S.C. § 227(b)(1)(A).

34. Each call Defendant made to the Plaintiff's cell phone was done so without the "express permission" of the Plaintiff.

35. Defendant has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice, just as they did to the Plaintiff's cellular telephone in this case, with no way for the consumer, or Defendant, to remove the incorrect number.

36. Defendant's corporate policy is structured as to continue to call individuals like the Plaintiff, despite these individuals explaining to Defendant that they are the wrong party.

37. Defendant has numerous other federal lawsuits pending against them alleging similar violations as stated in this complaint.

38. Defendant has numerous complaints against them across the country asserting that their automatic telephone dialing system continues to call the wrong people.

39. Defendant has had numerous complaints from consumers against them across the country asking to not be called, however the Defendant continues to call.

40. Defendant has a corporate policy to harass and abuse individuals despite actual knowledge that the called parties do not owe the alleged debt.

41. Plaintiff did not expressly consent to Defendant's placement of telephone calls to Plaintiff's cellular telephone by the use of an automatic telephone dialing system or a pre-recorded or artificial voice prior to Defendant's placement of the calls.

42. None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. §227(b)(1)(A).

43. Defendant violated the TCPA with respect to the Plaintiff.

44. Defendant willfully and/or knowingly violated the TCPA with respect to the Plaintiff.

## COUNT I
### (Violation of the TCPA)

45. Plaintiff incorporates Paragraphs one (1) through forty-four (44).

46. Defendant caused placement of non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

47. Defendant willfully and knowingly caused placement of non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE,** Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, punitive damages, actual damages and any other such relief the court may deem just and proper.

## COUNT II
### (Violation of the FCCPA)

48. Plaintiff incorporates Paragraphs one (1) through forty-four (44).

49. At all times relevant to this action Defendant is subject to and must abide by the law of Florida, including Florida Statute § 559.72.

50. Defendant has violated Florida Statute §559.72(7) by willfully communicating with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family.

51. Defendant has violated Florida Statute §559.72(7) by willfully engaging in conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

52. Defendant has violated Florida Statute §559.72(9) by claiming, attempting or threatening to enforce a debt when such person knows that the debt is not legitimate.

53. Defendant's actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by Florida Statute §559.77.

**WHEREFORE,** Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, punitive damages, actual damages, costs, interest, attorney fees and any other such relief the court may deem just and proper.

Respectfully submitted,

*/s/Amanda J. Allen*
Amanda J. Allen, Esquire
Florida Bar #: 0098228
Morgan & Morgan, Tampa, P.A.
One Tampa City Center
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tele: (813) 223-5505
AAllen@ForThePeople.com
LCrouch@ForThePeople.com
Attorney for Plaintiff